
FILED
JUN 30 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CAROLYN CLARK, :
:
Plaintiff, :
:
v. : Civil Action No. 3:15cv391
:
TRANS UNION, LLC, :
:
Serve: Corporation Service Company, Reg. Agent :
      Bank of America Center, 16th Floor :
      1111 East Main Street :
      Richmond, VA 23219 :
:
Defendant.

## COMPLAINT

The Plaintiff, CAROLYN CLARK, (hereinafter, "Plaintiff"), by counsel, and for her Complaint against Defendant, she alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act or "FCRA"). Plaintiff obtained a copy of her credit reports from Trans Union and discovered that it was inaccurately reporting a judgment that was successfully appealed and dismissed in her favor. Moreover, after Plaintiff disputed Trans Union's reporting of the judgment and provided it with a copy of the dismissal order, Trans Union failed to conduct a reasonable investigation and continued to report the judgment against Plaintiff.

## JURISDICTION

2. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4. The Plaintiff, Carolyn Clark ("Ms. Clark" or "Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, TRANS UNION, LLC ("Trans Union") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

8. On multiple occasions within the past two years, Plaintiff obtained copies of her credit reports from Trans Union, which showed that Trans Union was reporting a judgment against Plaintiff in the Henrico County District Court.

9. Specifically, Trans Union was reporting a judgment from November 2008 in favor of Quick Cash.

10. The reporting of the judgment was inaccurate and occurred because Trans Union failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

11. Specifically, Trans Union does not follow the same automated and systematically rigorous processes to obtain vacated or dismissed judgments that Trans Union follows to obtain the initial derogatory entry of the judgment.

12. In Plaintiff's instance, if Trans Union had followed such procedures, it would have reported an update in the records showing that the judgment had been appealed and dismissed with prejudice on March 3, 2009.

13. Just like the initial derogatory information regarding the judgment, information regarding the dismissal of Plaintiff's judgment was publically available -- free and easily accessible to Trans Union.

14. Yet, upon information and belief, Trans Union failed to adopt reasonable procedures (or any procedures whatsoever) to update and correct its public record information concerning judgments entered in the Henrico County General District Court to ensure the maximum possible accuracy of the reporting of these judgments.

15. Trans Union did so even though it has been sued repeatedly for failing to adopt reasonable procedures to timely gather and report updated public record information. *See, e.g., Williams v. Experian Info. Solutions, Inc.*, Case No. 1:13-cv-1102 (E.D. Va. 2013); *Beattie v. Experian Info. Solutions, Inc.*, Case No. 1:13-cv-1195 (E.D. Va. 2013).

16. On or around October 7, 2014, Plaintiff sent a dispute letter to Trans Union regarding its inaccurate reporting of the judgment in her file. In this letter, Plaintiff explained

that she appealed the judgment to the circuit court who ultimately dismissed the case with prejudice against Plaintiff.

17. With her letter, Plaintiff enclosed a copy of the final order entered by the Circuit Court for Henrico County showing that her appeal was successful and the case was dismissed.

18. Trans Union never responded to Plaintiff's dispute letter.

19. Upon information and belief, Trans Union continued to report the inaccurate judgment in her credit file after receiving Plaintiff's October 7, 2014 dispute letter.

20. At all times pertinent to this Complaint, Trans Union's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, Trans Union's conduct was willful because it was intentionally accomplished through intended procedures; these procedures have continued despite the fact that Trans Union has already been subject to court decisions in other states critical of its similar conduct; and Trans Union continues to engage in this conduct because it believes that there is a greater economic value in collecting and reporting derogatory public record information than to update consumers' reports with information that would fully cancel or render the previous reporting of the public record irrelevant.

21. On numerous occasions, Trans Union furnished the Plaintiff's consumer reports to multiple entities who received the inaccurate derogatory information regarding the public record.

## COUNT ONE:
### (Violation of 15 U.S.C. §1681e(b))

22. Plaintiff reiterates and incorporates the allegations above as if fully set out herein.

23. Trans Union violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

24. As a result of the conduct, actions and inactions of Trans Union, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, higher interest rates, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

25. Trans Union's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

26. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT TWO:
### (Violation of 15 U.S.C. § 1681i(a)(1))

27. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

28. Defendant violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

29. As a result of this conduct, the Plaintiff suffered actual damages.

30. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

31. The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendant pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT THREE:
### (Violation of 15 U.S.C. § 1681i(a)(2))

32. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Defendant violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnishers all relevant information that it received in Plaintiff's dispute letter.

34. As a result of this conduct, the Plaintiff suffered actual damages.

35. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

36. The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendant pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT FOUR:
### (Violation of 15 U.S.C. § 1681i(a)(4))

37. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

38. Defendant violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

39. As a result of this conduct, the Plaintiff suffered actual damages.

40. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

41. The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendant pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FIVE:
### (Violation of 15 U.S.C. § 1681i(a)(5))

42. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

43. Defendant violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

44. As a result of this conduct, the Plaintiff suffered actual damages.

45. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

46. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant, for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**CAROLYN CLARK**

By *[signature]*
　　　Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-9285 - Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com
*Counsel for Plaintiff*

8