IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CAROLYN CLARK,**
*on behalf of herself and all*
*similarly situated individuals,*

      **Plaintiffs,**

v.                                                            Civil Action No. 3:15cv391

**TRANS UNION, LLC,**

      **Defendant.**

## ORDER

On February 21, 2017, the parties appeared in open court to argue Plaintiff Carolyn Clark's Motion to Compel. (ECF No. 65.) Ruling from the bench after a nearly ten-hour hearing, the Court ordered Defendant Trans Union, LLC ("TransUnion") to respond to various discovery requests and produce numerous documents.[1] The Court also allowed Clark to brief the issue of fees for TransUnion's myriad discovery violations. At the conclusion of the February 21 hearing, the parties conveyed to the Court that they would coordinate deadlines for TransUnion's supplemental discovery responses, suggesting that a resolution of the disputes would be imminent.

On February 23, 2017, the parties again convened to argue Clark's Motion for Class Certification. Despite the Court's crystal clear rulings on February 21, TransUnion offered to comply fully with the Court's discovery orders by March 31, 2017, nearly five months after the Court's original discovery cutoff. Clearly, TransUnion did not come prepared to address discovery quickly. From the bench, the Court ruled that it would not permit TransUnion to give

---

[1] The Court will memorialize its rulings on Clark's Motion to Compel in a forthcoming order.

itself what amounted to a five-week extension. Indeed, the Court found that TransUnion's dilatory conduct throughout discovery warranted immediate compliance.

As stated from the bench, the Court ORDERS the following:

1. TransUnion SHALL update its initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than March 1, 2017. During the February 21 hearing, TransUnion stated that it would produce insurance contracts despite its longstanding refusal to do so. As such, TransUnion SHALL provide to Clark for "inspection and copying . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(iv).

2. TransUnion SHALL update all discovery responses, in compliance with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of Virginia, and this Court's discovery rulings no later than March 3, 2017.

3. Clark SHALL submit briefing on fees no later than March 13, 2017, and TransUnion SHALL respond in compliance with the Federal Rules.

TransUnion is hereby admonished that it must cease approaching discovery and motions practice as if its theory of the case already has prevailed. Failure to acknowledge relevant case law, especially this Court's previous rulings, the Federal Rules, or the Local Rules may result in the imposition of sanctions.

Let the Clerk send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 2/24/17