IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CAROLYN CLARK,**
*on behalf of herself and all*
*similarly situated individuals*,

**Plaintiffs,**

v.  Civil Action No. 3:15cv391

**TRANS UNION, LLC,**

**Defendant.**

## MEMORANDUM ORDER

This matter comes before the Court on a September 2016 Motion to Compel filed by Plaintiff Carolyn Clark, who seeks to serve as a class representative for a class action complaint raising claims under the Fair Credit Reporting Act (the "FCRA"), 16 U.S.C. §§ 1681 *et. seq.* (ECF No. 65.) After a significant delay in successfully navigating the dispute process under the Federal Rules of Civil Procedure and this Court's Initial Pretrial Order, including agreed-upon extensions to accommodate an ostensibly steadfast effort to resolve disputes, on February 8, 2017, the parties presented an updated joint chart of extant discovery disputes (the "Joint Chart") in accordance with this Court's Initial Pretrial Order.[1] (Initial Pretrial Order ¶¶ 23–25, ECF No. 48.) The parties agreed to a February 21, 2017 hearing on three outstanding issues:

---

[1] Due to apparent confusion as to the required process, and to their efforts to resolve disputes without Court intervention, the parties submitted at least three versions of the Joint Chart to the Court, (*see* ECF Nos. 65, 105), including the final version submitted on February 8, (ECF No. 118).

Clark's Motion to Compel, (ECF No. 65); Clark's Motion for Class Certification, (ECF No. 66); and, Clark's Motion to Strike the Expert Victor Stango,[2] (ECF No. 115).

The Court heard a full day's oral argument on February 21, 2017. The Court heard argument on Clark's Motion to Strike then turned to the discovery disputes. The extent of outstanding objections regarding the discovery disputes allowed the Court time only to hear argument as to the objections to Clark's interrogatories. After months of the meet-and-confer process, the parties nonetheless presented a virtual sea of disputes. As to Clark's interrogatories, only three (3) of twenty (20) interrogatories remained exempt from multiple objections. The parties recorded the interrogatory conflicts on sixty-nine (69) pages of charted entries. As to Clark's requests for production ("RFPs"), 145 pages documented the twenty-five (25) of forty (40) RFPs that remained subject to multiple objections. Finally, a twenty-six (26) page chart detailed that, of the nineteen (19) requests for admission ("RFAs"), only six (6) remained wholly undisputed. Trans Union, LLC ("TransUnion") supplemented by answering eight (8) RFAs on December 19, 2016, and answering a ninth RFA on February 1, 2017.[3]

## I. Analysis: Discovery Disputes

This Memorandum Order supplements the extensive findings made from the bench during the February 21, 2017 discovery hearing, which ultimately addressed in detail all objections to Clark's interrogatories. Late in the evening of February 21, the parties suggested that, given the Court's detailed findings, they could prepare an agreed-upon course of action

---

[2] The Court will decide Clark's Motion to Strike and her Motion for Class Certification separately.

[3] Because TransUnion did not withdraw its general, "subject to," or specific objections to the RFAs until the parties filed their February 8, 2017 Joint Chart, Clark seeks sanctions in the form of attorneys' fees for the time incurred litigating the RFAs against TransUnion prior to February 8. Because the timing of Defendant TransUnion's decisions to lodge and withdraw these overarching objections pertains to many documents, the Court will address those arguments *infra*.

regarding the remaining disputes. The Court continued the hearing until February 23, 2017, expecting, based on their forecasts, that the parties would reach a general consensus, and certainly agree as to discovery matters comparable to those ruled upon on February 21. Instead—and despite the presence of a TransUnion representative for the majority of the February 21 discovery hearing—counsel for TransUnion had neglected even to speak with all TransUnion employees who could finalize any proposed course of action. TransUnion, to its detriment, entered Court beyond the original trial date prepared only to seek a five (5) week extension to fully supplement discovery months overdue. That was denied.

While restating generally some findings from the bench, this Memorandum Order supplements, and does not replace, any rulings as to the Motion to Compel regarding interrogatories. The parties are responsible for adhering to all discovery rulings, oral and written. This Memorandum Order adds findings regarding disputes about Clark's RFPs, RFAs, and objections to TransUnion's assertions of privilege.

For the reasons stated from the bench and those articulated below, the Court concludes as to all discovery disputes before it the following:

**A.  TransUnion Must Certify that All Supplemental Responses are Complete or It Must State, with Specificity, the Legal or Factual Basis on Which Any Information or Documentation has Been Withheld**

For the reasons stated from the bench, when TransUnion supplements its responses to any discovery request, it must include as part of its answer a declaration that the answer is complete. If, for some reason, the answer is not complete, the Court DIRECTS TransUnion to provide a list of documents withheld (for RFPs) or the kind of information not provided (for interrogatories or RFAs). *See Henderson v. First Advantage Background Servs. Corp.*, No. 3:14cv221, ECF No. 6, at 2 (E.D. Va. March 30, 2015).

The Court reiterates that TransUnion may not approach discovery and motions practice as if its theory of the case already has prevailed, or as if other theories lack relevance. To date, TransUnion has improperly constrained its discovery responses by, among other things, applying its interpretation of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016), and failing to credit decisions finding otherwise—including decisions *in this division and in this case. See, e.g., Clark v. Trans Union, LLC*, No. 3:15cv391, 2016 WL 7197391 (E.D. Va. Dec. 9, 2016); *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623 (E.D. Va. 2016); *Dreher v. Experian Info. Sols., Inc.*, 71 F. Supp. 3d 572, 580 (E.D. Va. 2014). TransUnion continues to file motions in the same vein. Given that the Court and TransUnion's opposing counsel know this contrary law well, this practice likely does not rise to a violation of Virginia Rule of Professional Conduct 3.3(a)(3) for failure to cite controlling authority. Nonetheless, the practice speaks ill of TransUnion's candor with the Court and its concern for judicial economy.

This Court ORDERS TransUnion to cease such practice immediately. Failure to acknowledge relevant case law, especially this Court's previous rulings, or the Federal Rules of Civil Procedure and Local Rules of Civil Procedure, may result in the imposition of sanctions.

### B. The Court Overrules all of TransUnion's General and "Subject To" Objections

The Court OVERRULES TransUnion's general objections, including its repeated boilerplate incantation that its responses are "subject to" various other objections. Any general and "subject to" objections are overruled for at least three reasons.

First, "[t]he burden is on the party resisting production to show 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant.'" *Cappetta v. GC Servs. Ltd. P'ship*, 3:08cv288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) (quoting *Roesberg v. Johm-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980)).

"'General objections are not useful to the court ruling on a discovery motion,' and a bare objection does not meet the standard for a successful objection." *Id.* (quoting *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 58 (D.D.C. 1984)). "Moreover, failure to make 'specific legitimate objections to particular interrogatories [or requests for production] within the time allowed' may result in a court deeming any objections waived." *Id.* (quoting *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996)).

Second, "the practice of providing answers 'subject to' objections 'is confusing and misleading.'" *Turnage v. Clarity Servs., Inc.*, No. 3:14cv760, 2015 WL 5092695, at *2 (E.D. Va. July 22, 2015 (quoting *Sherwin–Williams Co. v. JB Collision Servs., Inc.*, Nos. 13cv1946, 13cv1947, 2014 WL 3388871, at *2 (S.D. Cal. July 9, 2014)); *see also Henderson*, No. 3:14cv221, ECF No. 66, at 1–2 ("[T]he court notes that defendant has made a number of discovery responses 'subject to' various objections. This amounts to no answer at all, for it says, essentially, 'here is some information, but there could be more that you are not getting.'"). During oral argument, TransUnion confirmed that this practice "'has no basis in the Federal Rules of Civil Procedure.'" *Id.* (quoting *Sherwin–Williams Co., Inc.*, 2014 WL 3388871, at *2).

Finally, the responses provided by TransUnion, nearly without exception, improperly ignore Federal Rules of Civil Procedure 33(b)(3),[4] 34(b)(2)(B)–(C),[5] and 36(a)(4).[6] TransUnion

---

[4] Rule 33(b)(3) provides, in relevant part, that, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

[5] Rule 34(b)(2)(B)–(C) provides, in relevant part, that a party must respond to a request or **"(B)** . . . state with specificity the grounds for objecting to the request, including the reasons. . . ." and **"(C) [a]**n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest. Fed. R. Civ. P. 34(b)(2)(B)–(C).

[6] Rule 36(a)(4) provides, in relevant part, that in responding to Requests for Admission, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the

must answer the queries to the extent they are not objectionable. Moreover, TransUnion must state if it has a different theory of the case, including a different interpretation of the governing law.

Although some were withdrawn earlier, TransUnion withdrew the majority of its general and "subject to" objections on February 9, 2017, approximately seven months after lodging them. In lodging its general and "subject to" objections, TransUnion ignored precedent directly contravening its position, despite the fact that Clark had cited such cases *from this Court* in the Joint Chart. Especially in the absence of TransUnion's citation to any binding precedent to the contrary, this Court now applies the law TransUnion had available to it for months.

The Court ORDERS TransUnion to supplement its responses to all propounded discovery to which it lodged the improper general or "subject to" objections no later than March 3, 2017. To the extent Clark seeks sanctions pursuant to Federal Rule of Civil Procedure 37(c), the Court ORDERS Clark to identify the relief she seeks, including the factual and legal basis for any sanction, no later than March 13, 2017.

### C. The Court Overrules all of TransUnion's Boilerplate, Perfunctory, and Unexplained Objections

Except as to time frame,[7] the Court OVERRULES all boilerplate objections as to relevance, overbreadth, ambiguity, and vagueness. Contrary to the Federal Rules of Civil

---

answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

[7] For the reasons stated from the bench, the Court SUSTAINED some objections as to scope, including those discovery requests that lacked a time frame. For example, the Court ruled that TransUnion may limit its response to Interrogatory No. 1 to documents dated after January 1, 2009. As to Interrogatory No. 2, TransUnion shall limit its response to documents pertaining to public records. As to Clark's Interrogatory No. 3, TransUnion may limit its response to

6

Procedure and governing case law, TransUnion litters this record with bald objections lacking context or appropriate rationale. While discoverable documents must undergo an analysis of proportionality, TransUnion cannot invoke that analysis while leaving the record bereft of any facts describing *why* any particular request exceeds its discovery obligations. Not only do the Federal Rules require a partial response when proper, but a record must be clear as to each party's positions so that the meet-and-confer and the Court's rulings can operate with efficiency. *See Buskirk v. Wiles*, 15cv3503, 2016 WL 711288, at *2 (S.D. W. Va. Dec. 6, 2016) (noting that objections must be stated with specificity, with the underlying basis for the objection, with an indication whether responsive materials are being withheld and that "boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable"); *see also Avalos v. Carpenter*, No. 1:15cv369, 2017 WL 387243, at *1 (E.D. Cal. Jan. 27, 2017) ("The party responding to discovery requests shall use common sense and reason. Hyper-technical, quibbling, or evasive objections are not viewed with favor." (citation omitted)). Pursuant to the Court's Initial Pretrial Order, parties are "jointly responsible" for developing the proper discovery plan. (Initial Pretrial Order ¶ 26(f)). Indeed, Federal Rule of Evidence 37(a)(4) "provides that an incomplete answer or response 'must be treated as a failure to . . . answer, or respond.'" *Buskirk*, 2016 WL 711288, at *2.

The vast majority of TransUnion's so-called "specific" objections violate these precepts. TransUnion must plainly state its objections instead of lodging them sans explanation. The Joint Chart makes plain that Clark provided TransUnion governing legal decisions which so ruled: "For a relevance objection to be adequate, it must be 'plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable.'"

---

documents pertaining to public records dated after January 1, 2010. Finally, Clark WITHDREW Interrogatory No. 14.

*Capetta*, 2008 WL 5377934, at *3 (quoting *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)).

As to an objection for overbreadth, "merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." *Id.* at *3 (citing *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996)). "In order to overcome the liberal construction afforded the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden." *Id.* (citing *Roesberg*, 85 F.R.D. at 296–97).

With respect to vagueness, TransUnion carries the burden of "explain[ing] the specific and particular way in which each request is vague after exercising reason and common sense to attribute ordinary definitions to terms and phrases utilized in the requests and, if necessary, including any reasonable definition of the term or phrase at issue." *Keycorp v. Holland*, No. 3:16cv1948, 2016 WL 6277813, at *12 (N.D. Tex. Oct. 26, 2016).

The Court ORDERS TransUnion to supplement its responses to all propounded discovery to which it lodged boilerplate and unexplained objections no later than March 3, 2017. To the extent Clark seeks sanctions pursuant to Federal Rule of Civil Procedure 37(c), the Court ORDERS Clark to identify the relief she seeks, including the factual and legal basis for any sanction, no later than March 13, 2017.

### D. The Court Sustains All Objections Regarding TransUnion's Improper Reliance on Federal Rule of Civil Procedure 33(d)

To the extent TransUnion invoked Federal Rule of Civil Procedure 33(d)[8] by providing Clark documents in lieu of answering any interrogatory, it "must (1) affirm that the information sought by the interrogatory in fact is available in the specified records, (2) be able to demonstrate that answering the interrogatory in the traditional manner would impose a burden on it, (3) establish that the burden of compiling information is substantially the same for the inquiring and responding parties, and (4) specify which records contain the information sought by the interrogatory." *Christian Coal. Int'l v. United States*, No. 2:01cv377, 2002 WL 1482523, at *2 (E.D. Va. May 31, 2002) (citing 8A, C. Wright, A. Miller & R. Marcus, *Fed. Prac. & Proc. Civ. 2d.* § 2178 (1994)).

Because TransUnion failed to follow proper procedures under Rule 33(d), the Court SUSTAINS all Clark's objections on that basis. The Court ORDERS TransUnion to adhere to the dictates of Rule 33(d) no later than March 3, 2017.

---

[8] Rule 33(d) provides:

**(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and,

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

E. **The Court Overrules Objections to Interrogatory Nos. 3 and 4 Regarding Complaints and Civil/Administrative Investigations involving §§ 1681i, 1681e, and 1681g(a)(2)**

The Court OVERRULES all objections pertaining to TransUnion's refusal to answer questions about complaints and civil/administrative investigations involving 15 U.S.C. §§ 1681i, 1681e, and 1681g(a)(2). Clark's interrogatories go to willfulness. *See Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 418 (4th Cir. 2001) ("There is no evidence that *other consumers have lodged complaints similar* to Dalton's against CAI." (emphasis added)); *see also Faile v. Equifax Information Servs., LLC, et al.*, 3:06cv617 (E.D. Va. Mar. 14, 2007) (requiring Equifax to provide a Federal Rule of Civil Procedure 30(b)(6) witness to testify about Equifax's knowledge of various cases to which it was a party).

TransUnion's more generic objections also fail. Interrogatory numbers 3 and 4 limit themselves to an appropriate time frame of January 1, 2010, to the present. TransUnion also does not specify why the response to this federal statute should be limited geographically, so that objection is OVERRULED. Finally, TransUnion does not explain why its decision to limit its responses to cases or complaints in which *all three claims are raised together*, when each section constitutes a separate count in the case at bar, constitutes a sufficient response. It does not. Because §§ 1681i, 1681e, and 1681g(a)(2) are brought separately here, TransUnion must respond fully as to each section of the FCRA.

The Court ORDERS TransUnion to supplement its responses no later than March 3, 2017.

F. **TransUnion Shall Provide Clark with the Document Responsive to Interrogatory No. 8 and RFP No. 14**

During the February 21, 2017 hearing, TransUnion permitted the Court and parties to view an electronic version of a document entitled "Net Assets," which included an unaudited

10

valuation of TransUnion. Subject to the procedure outlined about completeness of responses, TransUnion SHALL produce that document in response to these discovery requests.

To the extent a dispute continues to exist about whether to produce information regarding TransUnion's net worth, it is OVERRULED. The requested information has relevance to punitive damages, which are recoverable for willful violations of the FCRA. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 227 (3d Cir. 1997). The Court ORDERS TransUnion to supplement its response and provide the responsive documents no later than March 3, 2017.

### G. The Court Overrules Objections to Interrogatory Nos. 1, 9, and 18; RFP No. 15; and Rule 26(a)(1) Disclosures

The Court OVERRULES all objections pertaining to TransUnion's failure to identify witnesses. TransUnion's responses to Interrogatory numbers 1, 9, and 18; RFP number 15; and its initial disclosures under Federal Rule of Civil Procedure 26(a)(1) are clearly deficient. Because pretrial matters have extended beyond the original trial date, TransUnion's failure to respond appropriately is especially egregious. Moreover, the Court finds any discovery requests regarding documents or communications personal to Clark relevant and discoverable.

The Court ORDERS TransUnion to supplement its responses and provide responsive documents no later than March 3, 2017. To the extent Clark seeks sanctions pursuant to Federal Rule of Civil Procedure 37(c), the Court ORDERS Clark to identify the relief she seeks, including the factual and legal basis for any sanction, no later than March 13, 2017.

### H. The Court Overrules Objections to Interrogatory Nos. 11, 12, 16, 17, 18, 19, and 20; RFP Nos. 3, 7, and 16; and RFA Nos. 17, 18, and 19

All objections are OVERRULED. In addition to the reasons the Court has overruled all of TransUnion's unsupported and non-specific objections, TransUnion fails to lodge proper objections as to ambiguity or relevance when citing *Safeco Ins. Co. v. Burr*, 511 U.S. 47, 70 (2007). First, when objecting, TransUnion improperly rests on non-binding cases from United

States Courts of Appeal for the Third and Eleventh Circuits, which TransUnion claims stand for the proposition that "there can be no violation of the FCRA where TransUnion's actions were compliant with any reasonable interpretation of the statute." (Joint Chart *passim*.) TransUnion asserts that words such as "source," "investigation," "reinvestigation,' and "furnisher," are ambiguous and that its subjective intent lacks relevance under these cases. TransUnion, in defiance of applicable discovery rules, does not state whether or when it formed an interpretation of FCRA terms which are the subject of these interrogatories.

These TransUnion responses violate discovery rules in a host of ways. First, TransUnion takes this position ignoring case law from within the Eastern District of Virginia that specifically rejects the case law and rationale upon which TransUnion bases its objections. *See Milbourne v. JRK Residential America, LLC,* 2016 WL 42657741, at * 6–9 (E.D. Va. Aug. 11, 2016) ("*Milbourne IV*"); *Milbourne v. JRK Residential America, LLC,* No. 3:12cv861, 2016 WL 1071569 at * 4-5 (E.D. Va. March 15, 2016) ("*Milbourne III*"); *Milbourne v. JRK Residential America, LLC,* 92 F. Supp. 3d 425, 432 (E.D. Va. 2015) ("*Milbourne II*").[9]

Second, TransUnion does not address contrary precedent despite the fact that Clark lists these cases in the Joint Chart itself. The failure to address cases running counter to a position taken before the Court—especially when opposing counsel cites the unfavorable decisions directly next to TransUnion's boilerplate objections—does not suggest that TransUnion is engaging in an appropriate level of candor to the Court. Finally, as indicated with all objections in its chart, TransUnion makes no effort to explain the ambiguity, the burden, or any other boilerplate objection. TransUnion fails to follow Federal Rule of Civil Procedure 33(c) by trying to answer these interrogatories to the extent they are not objectionable.

---

[9] The court identifies *Milbourne II, III,* and *IV* consistent with its identification of those cases in its Memorandum Opinion on Clark's Motion for Class Certification.

The Court ORDERS TransUnion to supplement its responses no later than March 3, 2017. To the extent Clark seeks sanctions pursuant to Federal Rule of Civil Procedure 37(c), the Court ORDERS Clark to identify the relief she seeks, including the factual and legal basis for any sanction, no later than March 13, 2017.

### I. The Court Overrules Objections to Interrogatory Nos. 2, 11, 12, 13, and 19; and RFP Nos. 7 and 16

The Court OVERRULES all objections to Interrogatory numbers 2, 11, 12, 13, and 19; and RFP numbers 7 and 16. Citing cases, TransUnion objects to the RFP number 7, stating that TransUnion need not "create a document in response to a request for production." *Oglala Sioux Tribe v. Van Hunnik*, 299 F.R.D. 453, 458 (D.S.C. 2014) (finding that Rule 33 was the proper mechanism to seek a list of relevant cases when the responding party—the defendant—did not have custody of the documents; thus defendant party could either produce a list so plaintiff could seek transcripts from third party directly, or plaintiff could do so based on the list created by defendant); *see also Nix v. Holbrook*, No. 14-02173, 2015 WL 791213, at *7 (D. S.C. Feb. 25, 2015); *Chambers v. N.C. Dep't of Juvenile Justice and Delinquency*, No. 10cv315, 2013 WL 3776498, at *2 (M.D.N.C. July 17, 2013).

The *Oglala* court did not require a (different) responding court to produce a list of cases with relevant transcripts in response to an RFP. *Oglala Sioux*, 299 F.R.D. at 458. Instead, it allowed the opposing party to seek a list via interrogatory per Federal Rule of Civil Procedure 33. Thus, the responding court could decide whether to require its opposing party to contact court reporters for transcripts, or the court could do so itself and produce them under Federal Rule of Civil Procedure 34. Here, however, Clark seeks manuals or procedures in TransUnion's custody and control. The Court has overruled objections as to every interrogatory seeking manuals or requiring a response regarding procedures.

13

Training and other manuals that address any claim at bar are relevant to willfulness. In the absence of a proper showing of burden, TransUnion may produce either a list of all manuals as requested or produce the entirety of a relevant manual, including the table of contents that would address any aspect of a claim before this Court. In its responses, TransUnion has not supported any of its objections to this RFP in compliance with the federal rules, including stating "with specificity the grounds for objecting to the request, including its reasons." Fed. R. Civ. P. 34(b)(2)(B). To the extent TransUnion claims it has not produced all responsive documents not subject to privilege, TransUnion has not "specif[ied] the part of the requests [that is objectionable] and permit[ted] inspection of the rest." Fed. R. Civ. P. 33(c); *see also* Fed. R. Civ. P. 34(b)(2)(C).

As such, the cited cases are not on point, and the Court OVERRULES TransUnion's objections. The Court ORDERS TransUnion to supplement its responses and provide responsive documents no later than March 3, 2017. To the extent Clark seeks sanctions pursuant to Federal Rule of Civil Procedure 37(c), the Court ORDERS Clark to identify the relief she seeks, including the factual and legal basis for any sanction, no later than March 13, 2017.

### J.   The Court Overrules Objections to RFA Nos. 5, 6, 7, 8, 11, 12, 13, 14, and 15

TransUnion admitted RFA numbers 5, 6, 7, 8, 11, 12, 13, 14, and 15 on December 19, 2016. However, TransUnion did not withdraw most of its general and "subject to" objections until the parties filed the Joint Chart on February 8, 2017. To the extent Clark seeks sanctions pursuant to Federal Rule of Civil Procedure 37(c), the Court ORDERS Clark to identify the relief she seeks, including the factual and legal basis for any sanction, no later than March 13, 2017.

### K.   The Court Overrules Objections to RFA Nos. 3, 17, 18, and 19

The Court OVERRULES TransUnion's objections with respect to RFA numbers 3, 17, 18, and 19 for three reasons. First, TransUnion fails to object on specific grounds. "For a

14

relevance objection to be adequate, it must be 'plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable.'" *Capetta*, 2008 WL 5377934, at *3 (quoting *Panola Land Buyers Ass'n*, 762 at 1559).

Second, and relatedly, TransUnion's responses fail to adhere to Federal Rule of Civil Procedure 36(a)(4). Rule 36(a)(4) provides: "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." If TransUnion does not admit an RFA, it must specifically deny or state in detail why it cannot answer. If TransUnion must admit a portion of the RFA, it must specify the extent to which the RFA is admitted and the extent to which it is denied.

Third, TransUnion may not approach its responses to the RFAs as if its theory of the case already has prevailed, or as if other theories lack relevance. To date, TransUnion has improperly constrained its discovery responses by, among other things, applying its interpretation of *Spokeo*, 136 S. Ct. 1540, and failing to credit decisions finding otherwise—including decisions *in this division and in this case. See, e.g., Clark*, 2016 WL 7197391; *Thomas*, 193 F. Supp. 3d 623; *Dreher*, 71 F. Supp. 3d 572. This practice, as the Court has previously noted, speaks ill of TransUnion's candor with the Court and its concern for judicial economy. This Court ORDERS TransUnion to cease such practice immediately.

TransUnion's failure to comply with Rule 36 may result in the Court deeming an RFA admitted: "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the

matter is admitted or may defer its final decision unconference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses." Fed. R. Civ. P. 36(a)(6).

### L. The Court Sustains All Objections Regarding the Inadequacy of TransUnion's Privilege Logs

During oral argument, TransUnion confirmed that it did not serve the privilege logs timely, arguing, without citation, that it did not have a duty to produce logs simultaneous to the production of documents. TransUnion misstates the law. A plain reading of Federal Rule of Civil Procedure 26(a)(5)(A) requires the production of a privilege log *when information is withheld* under a claim of privilege. Fed. R. Civ. P. 26(a)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . expressly make the claim . . . and . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."); *see SecTek v. Diamond*, 15cv163, 2016 WL 5897763, * 2–3 (E.D. Va. Oct. 6, 2016) (finding that a plain reading of Rule 26, and the discovery plan, require production of "a privilege log when [the party] withheld information that was otherwise discoverable," and that a decision not to produce "a privilege log at the time [the party] documents . . . amounts to a failure to comply with the terms of the Discovery Plan.").

Moreover, having reviewed the Privilege Logs provided, the Court finds them to be wholly inadequate. "It is well-established that the party asserting the privilege has the burden of proving its existence, and must 'supply opposing counsel with sufficient information to assess the applicability of the privilege or protection, without revealing information which is privileged or protected.'" *Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08cv288, 2008 WL 5377934, at *4 (E.D. Va. Dec. 24, 2008). As explained in *Capetta*, an adequate "privilege log" should contain:

> a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.

*Id.* (quoting *Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 589, 594 (W.D.N.Y. 1996)). The Honorable Robert E. Payne, United States District Judge, discussed the policy behind requiring particularized privilege logs:

> For many years, courts have required that parties claiming privileges demonstrate entitlement thereto in a list or log that describes the ground of the putative protection with a degree of specificity that allows the opposing party to assess the assertion of the privilege against the applicable tests and to challenge any claim thought to be wanting. That assessment and any challenge, of course, must be done on the basis of the description contained on the log (or an equivalent pleading) because the opposing party does not have access to the putatively privileged document when seeking to mount a challenge to a privilege claim. Accordingly, the descriptions in the log must satisfy the claiming party's burden.

*Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 272 (E.D. Va. 2004).

In view of TransUnion's failure to meet its burden of demonstrating privilege, this Court SUSTAINS all objections stating that TransUnion's Privilege Logs fail to comply with the Federal Rules. TransUnion must supplement its privilege logs so that Clark may adequately assess the assertion of privilege. TransUnion also must SHOW CAUSE why sanctions should not be imposed for its failure to properly identify the privileges it claims and the specific documents to which they pertain in a manner described under Federal Rule of Civil Procedure 26(a)(5)(A) and in this Court's Initial Pretrial Order. (Initial Pretrial Order ¶ 23(f).) To the extent Clark seeks sanctions pursuant to Federal Rule of Civil Procedure 37(c), the Court Orders Clark to identify the relief she seeks, including the factual and legal basis for any sanction, no later than March 13, 2017.

## II. Analysis: Possible Sanctions for TransUnion's Discovery Violations

Clark indicated her desire to seek sanctions for certain violations throughout the Joint Chart. To the extent Clark seeks sanctions pursuant to Federal Rule of Civil Procedure 37(c), the Court Orders Clark to identify the relief she seeks, including the factual and legal basis for any sanction, no later than March 13, 2017. This deadline extends and replaces that of the February 24, 2017 Order so that Clark may present all pending issues in a single motion. TransUnion must respond, citing all relevant law and facts, no later than April 7, 2017. Any reply would be due no later than April 13, 2017.

The Court encourages the parties to cooperate in discovery moving forward. The Court cautions TransUnion in particular that any failure to strictly adhere to this Court's orders, the Federal Rules of Civil Procedure, or the Local Rules of Civil Procedure could result in sanctions, including those more severe than fee-shifting. See Fed. R. Civ. P. 37(c).

Let the Clerk send a copy of this Order to any counsel of record.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date:
Richmond, Virginia