IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CAROLYN CLARK,
On behalf of herself and all similarly
situation individuals,

  Plaintiff,

v.            Case No. 3:15-cv-00391-MHL

TRANS UNION LLC,

  Defendant.
_____/

## DEFENDANT TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY

Defendant Trans Union LLC ("TransUnion") submits its Memorandum in Support of its Motion for Leave to File Sur-Reply to the Motion for Sanctions Regarding Waiver of Privilege (the "Waiver Motion") (ECF Nos. 137-38) and Motion for Discovery Sanctions (the "Fee Motion") (ECF Nos. 139-40) of plaintiff Carolyn Clark ("Plaintiff").

### I.  INTRODUCTION

Plaintiff's replies in support of her Waiver Motion and Fee Motion (the "Waiver Motion Reply" and the "Fee Motion Reply," together, the "Replies") assert new and re-framed arguments that were not present in her Waiver Motion and Fee Motion. Specifically, Plaintiff's Replies make the following new assertions: (1) that Plaintiff is entitled to sanctions pursuant to Federal Rule of Civil Procedure 26(g), an entirely new legal basis for sanctions; (2) that Plaintiff was excused from conducting the requisite pre-filing meet-and-confer based on her post hoc, unilateral decision that such conferral would have been futile; (3) that TransUnion's regulatory privilege is a recognized privilege, contrary to her prior assertion, but now arguing that there is an exception for discovery requests in civil litigation; (4) that the "real" basis for her request for privilege waiver is not that TransUnion failed to timely provide privilege logs when it withheld

- 1 -

specific documents as privileged, but rather that TransUnion unjustifiably took too long to ascertain that it would be withholding specific privileged documents were being withheld; and (5) that TransUnion's initial ESI review was insufficient and narrower than the scope of TransUnion's objections. TransUnion requests leave to submit a sur-reply responding to these new bases for her Waiver Motion and Fee Motion.

## II.     BACKGROUND

On September 9, 2016, after TransUnion and Plaintiff conferred about, among other issues, the proper scope and interpretation of Plaintiff's production requests, TransUnion served Plaintiff with a supplemental privilege log to advise her that, based upon the parties' conferrals, TransUnion had identified additional responsive but privileged documents. Plaintiff did not acknowledge receipt of this supplemental privilege log, but filed a Motion to Compel complaining about a number of the discovery issues the parties had previously discussed, as well as a number of never-before-discussed issues. TransUnion objected to Plaintiff's inclusion of newly-raised issues in her Motion to Compel and maintained that her filing was premature, but nevertheless continued to confer with Plaintiff. These ongoing conferrals caused Plaintiff to rephrase and clarify certain of her document requests and caused TransUnion to withdraw certain objections to those requests. As the parties' conferrals developed and the parties reached compromises, TransUnion conducted additional, different searches to identify responsive documents based on those discussions, and continued to promptly serve Plaintiff with supplemental privilege logs when new documents were identified as responsive but privileged. At no time did Plaintiff complain about the timing of TransUnion's supplemental privilege logs.

Eventually, after a hearing, the Court entered an order (the "Order") partially granting Plaintiff's Motion to Compel. (See ECF No. 132.) The Court sustained some of TransUnion's objections to the scope of Plaintiff's requests and noted that "discoverable documents must

LA 52088319

undergo an analysis of proportionality[.]" (Id. at pp. 6-7 & n.7.) Further, because the hearing on the Motion to Compel ran long, the Court also directed the parties to cooperate in discovery moving forward to minimize the need for additional court intervention. (Id. at p. 18.) Because Plaintiff requested it, the Court's Order also authorized Plaintiff to file a motion for discovery sanctions for having partially prevailed on her Motion to Compel. (Id.)

Following the Order and prior to Plaintiff's requesting discovery sanctions, TransUnion in earnest attempted to obey the Court's instruction that the parties cooperate in discovery. In connection therewith, TransUnion disclosed to Plaintiff through affidavit that it possesses about 432 terabytes of electronic documents (approximately 200 million individual electronic records), and it would cost approximately $5,000,000.00 and take at least 265 days to search each one for responsiveness and privilege. Given that this additional time and expense is not proportional, TransUnion, in good faith, agreed to search more of its electronically-stored documents using additional custodians and search terms in an effort to locate more documents, despite the fact that many of Plaintiff's document requests remain objectionable (such as her expansive request for all electronic messages that contain "information about [TransUnion's] reporting of public records").

TransUnion's counsel attempted to elicit Plaintiff's counsel's cooperation in developing the parameters of the further search, but Plaintiff's counsel refused. Thus, TransUnion and its counsel, as a result of their own initiative, performed the further search using prior and new document custodians and broad keywords. As a result of this broad search, TransUnion identified 380,000 additional documents that, upon review, may be technically responsive to one or more of Plaintiff's broadly-worded discovery requests but likely not relevant to the claims and defenses in this action. Of course, there is substantial expense associated with reviewing such a

volume of documents. Given that the review process will necessarily be time and cost-intensive, TransUnion's counsel has again sought to elicit Plaintiff's cooperation, this time in establishing a schedule and protocol for the timing of TransUnion's further review and production. Once again, Plaintiff's counsel refuses to engage in any meaningful discussion.

On March 13, 2017, pursuant to the Order and amid the additional document search, Plaintiff filed two motions for sanctions flowing from her Motion to Compel. Therein, Plaintiff argued that she was entitled to relief under Rule 37 in the form of attorneys' fees and privilege waiver since, notwithstanding her purported "meet and confer efforts" to get TransUnion to withdraw certain objections and provide her with a timely and adequate privilege log, TransUnion allegedly persisted in relying upon a non-existent regulatory privilege and still failed to serve privilege logs when it asserted privilege as a basis for withholding documents. (See ECF No. 138 at p. 8-10; ECF No. 140 at p. 4.) TransUnion opposed Plaintiff's Waiver Motion and Fee Motion by (1) showing that Plaintiff had not engaged in proper conferrals; (2) explaining that it served all of its privilege logs either simultaneous with or shortly after discovering that it possessed documents that would be withheld as privileged; and (3) establishing that its asserted regulatory privilege was indeed a legitimate privilege. (See generally ECF No. 160-61.)

Plaintiff has now filed the Replies effectively conceding that she did not fully confer, but which now -- for the first time and without substantial justification -- suggest that further conferral would have been futile, such that Plaintiff can still recover under Rule 37 or, now in the alternative, Rule 26(g). (See ECF No. 165 at p. 4; ECF No. 166 at p. 16.) Plaintiff likewise now admits that TransUnion preserved its privileges by timely serving its privilege logs when it identified documents withheld as privileged, and instead Plaintiff repositions her argument to

- 4 -

contend that privilege should be waived on the basis that TransUnion has no justification for not discovering the documents included on its supplemental privileges logs earlier (and for not earlier discovering the 380,000 documents that TransUnion recently discovered by expanding its ESI search on its own initiative in the spirit of cooperation, despite the massive expense). (ECF No. 165 at p. 8.) In addition to now seeking to retroactively include the additional 380,000 documents within the scope of her Motion to Compel and the Court's Order, she also now concedes that TransUnion's regulatory privilege exists, but she asserts that it should not apply to discovery requests in civil litigation. (Id. at pp. 13-14.)

### III. ARGUMENT

**A. Legal Standard For Granting Leave To File A Sur-reply.**

"The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Hooker v. Sirius XM Radio, Inc., No. 4:13-cv-3, 2013 WL 12149171, at *1 (E.D. Va. May 8, 2013) (citing Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). Since courts reject "attempts to play 'gotcha' in replies," Galbraith Labs., Inc. v. Nanochem Sols., Inc., No. 3:15-cv-553, 2016 WL 3630163, at *3 n.3 (W.D. Ky. June 29, 2016), the standard is met when a reply either "rais[es] additional arguments" or "offer[s] expanded arguments," Fernandez v. Spar Tek Indus., Inc., No. 0:06-cv-3253, 2008 WL 2185395, at *6 (S.D.C. May 23, 2008); Love v. Smith, No. 04-3070, 2005 WL 1163143, at *4 (D. Md. May 17, 2005), or when a sur-reply will otherwise serve the "interests of justice" by appropriately "add[ing] focus to the issues raised in the motion" or "aid[ing] the decision making process[.]" Libertarian Party of Ohio v. Husted, No. 2:13-cv-953, 2014 WL 3792929, at *1 (S.D. Ohio July 31, 2014); Ellis v. Spellings, No. 1:07-cv-257, 2008 WL 3925263, at *7 (W.D.N.C. Aug. 21, 2008); see, e.g., Price v. Am. Fed. Gov't Employees, No. 3:15-cv-293, 2016 WL 1276421, at *5 (E.D. Va. Mar. 30, 2016)

(allowing a sur-reply in the interests of justice since it would clarify the issues raised in the motion based on the framing of the reply and would not itself otherwise raise new or significant issues); Glenn v. Commc'n Workers of Am., No. 8:04-cv-23071, 2007 WL 963964, at *5 n.2 (D.S.C. Mar. 28, 2007) (same).

      The standard is easily satisfied here. As it relates to Plaintiff's Rule 26(g) fee request, this is an entirely new legal basis for relief that was not included in the Fee Motion and which TransUnion had no opportunity to brief. As it relates to Plaintiff's arguments that she was excused from complying with the Federal and Local meet-and-confer rules on grounds of futility and that TransUnion's regulatory privilege has an exception for discovery requests in civil litigation, TransUnion had no opportunity to present rebuttals because these are brand new arguments that are inconsistent with Plaintiff's prior assertions. Plaintiff had previously maintained that she had adequately conferred with TransUnion regarding all the issues raised in her Motion to Compel and that TransUnion's regulatory privilege was a non-existent and made-up privilege. Lastly, although Plaintiff's Waiver Motion included a few references to TransUnion's supplemental privilege logs, her focus, consistent with her arguments in her Motion to Compel and in the parties' discovery charts, was that TransUnion had waived privilege by not serving a privilege log on July 26, 2017, and that TransUnion was required to review and produce documents in response to Plaintiff's objectionable document requests before its objections were ruled upon. Indeed, it was not until Plaintiff's Waiver Motion Reply that she abandoned those arguments and revealed that the "real issue" was that TransUnion unjustifiably took certain amounts of time to ascertain that specific privileged documents were being withheld. In the interests of justice, TransUnion should have a reasonable opportunity to respond.

**B.     For The First Time In Her Fee Motion Reply Plaintiff Seeks Relief Pursuant To Rule 26(g).**

The Court's Memorandum Order authorized Plaintiff to move for sanctions under Rule 37(c). (See ECF No. 166 p. 16.) Consistent with this authorization, Plaintiff filed a Notice of Motion, giving TransUnion and the Court notice that she was seeking "discovery sanctions under Rule 37 of the Federal Rules of Civil Procedure[.]" (ECF No. 139 at p. 1.) Although Plaintiff's Memorandum supporting her Fee Motion did not confine her request for relief to subsection (c) as the Court contemplated, it did limit her request to Rule 37. (See ECF No. 140 (seeking an award of sanctions only pursuant to Rules 37(a)(5)(A), 37(c)(1) and 37(c)(2)).) TransUnion opposed, demonstrating in detail the numerous reasons why Rule 37 relief was unavailable, including because Plaintiff failed to adequately confer with TransUnion about all the issues raised in her Motion to Compel. (See ECF No. 161.) Recognizing this, Plaintiff now submits Replies to erroneously argue that Rule 37 relief should still be available since proper conferral would have been futile.[1] In the alternative, Plaintiff now asks the Court to at least award her attorneys' limited fees for the time they spent attempting to meet and confer with TransUnion's counsel on the never-discussed issues raised in her Motion to Compel following its filing. (See ECF No. 166 at p. 16.) She argues that these limited fees are properly "recoverable" pursuant to Rule 26(g). (Id.)

Plaintiff's suggestion that Rule 26(g) can function as a safety net for Rule 37 when Rule 37 relief is foreclosed is incorrect, and had Plaintiff provided TransUnion sufficient notice of her intent to rely upon Rule 26(g), TransUnion would have briefed the issue. To the extent the Court will consider Rule 26(g) as an avenue for relief, TransUnion respectfully requests leave to submit a sur-reply to explain why sanctions under Rule 26(g) are not warranted.

---

[1] TransUnion addresses this new argument further below.

C. **Plaintiff's Replies Advance A New Futility Justification For Her Acknowledged Failure To Confer.**

As noted above, Plaintiff also presents for the first time in her Replies the argument that "it would not have made a difference" if she had tried to discuss specific issues with TransUnion in advance of her complaining about those issues in a Motion to Compel. (See ECF 165 at p. 9.) Similarly, she now argues that her sandbagging TransUnion with new analysis in the parties' discovery chart on the day the chart was due to be filed was harmless since "it would not have made a difference" if she had re-visited and updated the charts earlier. (Id.) These are brand new arguments; Plaintiff had previously and erroneously insisted that she filed her Motion to Compel after engaging in sufficient "meet and confer efforts." (ECF No. 138 at p. 10; ECF No. 140 at p. 4.)

To the extent the Court intends to consider Plaintiff's newly-asserted futility justification, TransUnion requests an opportunity to respond and present its numerous efforts at conferring in accordance with the requirements set forth in the Federal Rules of Civil Procedure and Local Rules. TransUnion would also like an opportunity to brief the well-settled law that the conferral requirement may be excused on grounds of futility only for purposes of considering a motion to compel itself, but not for purposes of ruling on an ensuing request for discovery sanctions.

D. **Plaintiff's Waiver Motion Reply For The First Time Admits The Existence Of A Regulatory Privilege And, In Response, Erroneously Argues That The Privilege Gives Way To Discovery Requests In Civil Litigation.**

Plaintiff's Waiver Motion exclusively argued that TransUnion's regulatory privilege "does not exist." (ECF No. 138 at p. 22.) Now faced with unequivocal authorities that the privilege does exist, Plaintiff pivots to rely upon facially inapposite law discussing privileges that do not concern "confidential supervisory information" and that were not created by agencies like the Consumer Financial Protection Bureau, the Federal Reserve Board, or the Office of the

Comptroller of the Currency, to assert for the first time in her Waiver Motion Reply that the privilege exists but should be deemed inapplicable in civil litigation. (ECF No. 165 at p. 13.) TransUnion respectfully requests the opportunity to respond to this new argument and explain why and how Plaintiff is misapprehending the applicable scope of the regulatory privilege.

**E.     Plaintiff's Waiver Motion Reply Newly Asserts That The "Real Issue" Supporting Waiver Is The Timing Of TransUnion's Privilege Log Supplementations.**

Plaintiff filed her Motion to Compel on September 9, 2016. (ECF No. 65.) This was the very same date that TransUnion provided Plaintiff with its first supplemental privilege log to reflect documents that, based on the parties conferrals, TransUnion had identified as being withheld based upon privilege. Plaintiff did not acknowledge receipt of this supplemental privilege log, nor any of TransUnion's subsequent privilege log supplementations. Plaintiff's Waiver Motion naturally flows from her Motion to Compel, based on the Court's Order. (ECF No. 132) As would be expected based upon the substance of Plaintiff's Motion to Compel, the focus of her Waiver Motion was on the <u>timing</u> of TransUnion's initial log production and the substance of its various privilege logs. (<u>See</u> ECF No. 138 at pp. 5, 11 ("Trans Union supplemented its privilege log[s but they] disregarded the description requirements of Rule 26(b)(5) and the Court's Initial Pretrial Order.").) Since Plaintiff never complained about the timing of TransUnion's supplemental privilege logs during the discovery process nor even acknowledged their receipt, and because she did not focus on this issue in her Waiver Motion, TransUnion's Opposition to the Waiver Motion addressed any ancillary issue with the timing of its supplemental privilege logs by confirming that its logs were served without any prejudicial delay simultaneous with or shortly after determining that the documents were withheld on the basis of privilege. (<u>See</u> ECF No. 160 at pp. 11-20.)

Plaintiff now argues in her Waiver Motion Reply that the "real issue" underlying her

- 9 -

waiver request "is why it took 6 months to log 97 documents and another 8 months to identify an additional 29 documents. . . . The abuse here was <u>not</u> the failure to provide a detailed privilege log on July 26, 2016. It was the failure to provide the log from August through December[.]" (ECF No. 165 at p. 8 (emphasis added).) But TransUnion's counsel did not realize that the timing of its supplemental privilege logs would or could be at issue since (1) the supplemental privilege logs post-date and are outside the scope of Plaintiff's underlying Motion to Compel; (2) the Federal Rules of Civil Procedure expressly authorize a party to withhold review or inspection of documents pursuant to objection, <u>see</u> Fed. R. Civ. P. 34(b)(2)(C) (requiring a party to review or permit inspection only for the portion of documents not subject to an objection); and (3) the supplemental privilege logs were provided to Plaintiff in response to the parties' on-going conferrals, meaning that Plaintiff, through her counsel, would recognize and understand that the parties' on-going conferral efforts regarding Plaintiff's production requests led TransUnion to search for and produce additional documents (and to then promptly supplement its privilege logs to identify documents that were discovered as being withheld based on privilege, in accordance with Federal Rule of Civil Procedure 26(e)(1)(A)). <u>See</u> <u>Evans v. Int'l Paper Co.</u>, No. 3:16-cv-1215, 2017 WL 1231086, at *7 (D.S.C. Apr. 4, 2017) (when additional privileged documents are identified as responsive, "Rule 26(e) requires the supplementation of a privilege log").

If Plaintiff's counsel is now abandoning the argument that they focused on throughout the discovery process and is now instead claiming that the "real issue" is that they do not recall how the parties' on-going conferrals caused TransUnion to identify and produce or log additional documents, TransUnion respectfully requests the opportunity to respond.

F.  **In Her Waiver Motion Reply, Plaintiff For The First Time Implicitly Challenges The Adequacy Of TransUnion's ESI Review.**

The Order only specifically addressed eight of Plaintiff's production requests and

TransUnion's objections thereto, but instructed the parties to "cooperate in discovery moving forward." (ECF No. 132 at p. 18). In accordance therewith, following the Order, TransUnion voluntarily agreed to conduct a further ESI search in a good faith attempt to locate further documents that might be responsive to certain of Plaintiff's broad document requests to which TransUnion had asserted objections, such as Plaintiff's request for all emails containing "information about [TransUnion's] reporting of public records." TransUnion repeatedly attempted to confer with Plaintiff's counsel regarding its proposed search terms and suggested Plaintiff's counsel propose alternative terms if TransUnion's were insufficient. Plaintiff's counsel initially agreed to cooperate with this endeavor, but has since refused to cooperate entirely. Consequently, TransUnion and its counsel developed further protocols and located 380,000 additional documents that must be reviewed.[2]

Plaintiff now argues for the first time in her Waiver Motion Reply that she need not confer with TransUnion about this new supplemental search because the 380,000 additional documents should have somehow and for some reason been identified and logged or produced before she even field her Motion to Compel or, "at a minimum," by some other unspecified date per "an agreement with Plaintiff's counsel." (ECF No. 165 at pp. 11-12.) TransUnion presumes that Plaintiff is not making an argument that would effectively nullify the discovery and

---

[2] The Federal Rules do not require a party to undergo an inspection of documents that would only be deemed responsive to an objected-to portion of a request for production until such objection is overruled. See ECF No. 132 at pp. 5-6, 7 (stating that a party must review documents for potential responsiveness to requests for production only "to the extent they are not objectionable" and that "discoverable documents must undergo an analysis of proportionality" (citing Fed. R. Civ. P. 34(b)(2)); see also Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 654-Z (D. Md. 1997) ("Once a party receives a request for production of documents, Fed. R. Civ. P. 34(b) is very clear about what must be done. This rule requires that a written response . . . shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to" (emphasis added)); Fischer v. Forrest, No. 14 Civ. 1304, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017) (confirming that a party may limit the scope of a document search to the extent not subject to a pending objection and discussing 2015 Adv. Comm. Notes to Rule 34).

objection procedures set forth in the Federal Rules of Civil Procedure and that she is instead contending that the contours of TransUnion's initial ESI search were narrower than the scope of its objections, such that the 380,000 newly-identified documents really should have been located and reviewed upon receipt of Plaintiff's production requests. Accordingly, to the extent the Court believes that discussion of the 380,000 documents, first located after the hearing on Plaintiff's Motion to Compel, are appropriately encompassed within Plaintiff's Motion to Compel and Waiver Motion, which they are not, TransUnion would like the opportunity to respond. Specifically, TransUnion respectfully requests leave to submit a sur-reply to explain why the 380,000 newly-identified documents were properly excluded from TransUnion's earlier searches based on its objections (objections which were not resolved through the parties' conferral efforts and which largely remain pending). TransUnion's proposed sur-reply will also explain precisely why the 380,000 documents were only recently discovered as a result of the expanded search that TransUnion voluntarily undertook in an effort to cooperate in discovery.

## IV. CONCLUSION

For the foregoing reasons, TransUnion respectfully requests the entry of an Order granting leave to submit a sur-reply to Plaintiff's Waiver and Fee Motions to address the above issues.

Respectfully Submitted,

TRANSUNION, LLC

/s/_____
Michael R. Ward
Virginia Bar Number 41133
Gibson S. Wright
Virginia Bar Number 84632
Attorneys for TransUnion, LLC
McCandlish Holton Morris
P.O. Box 796
Richmond, VA 23218

LA 52088319

>Phone: 804-775-3100
>Fax: 804-775-3800
>mward@lawmh.com
>gwright@lawmh.com
>
>Admitted pro hac vice:
>Stephen Julian Newman
>Stroock & Stroock & Lavan LLP (CA NA)
>2029 Century Park East, Suite 1600
>Los Angeles, CA 90067-3086
>Phone: 310-556-5982
>Fax: 310-556-5959
>snewman@stroock.com
>
>Brian Charles Frontino
>Alisa Marie Taormina
>Stroock & Stroock & Lavan LLP
>200 S. Biscayne Blvd., Ste 3100
>Miami, FL 33131
>Phone: 305-789-9300
>Fax: 305-789-9302
>bfrontino@stroock.com
>ataorimina@strock.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28 day of June, 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kristi Cahoon Kelly
Andrew Joseph Guzzo
Kelly & Crandall PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
kkelly@kellyandcrandall.com
aguzzo@kellyandcrandall.com

Leonard Anthony Bennett
Susan Mary Rotkis
Craig Carley Marchiando
Elizabeth Hanes
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
lenbennett@clalegal.com
srotkis@clalegal.com
craig@clalegal.com
elizabeth@clalegal.com

Casey Shannon Nash
Matthew James Erausquin
Consumer Litigation Associates PC 1800
Diagonal Rd. Suite 600
Alexandria, VA 22314
casey@clalegal.com
matt@clalegal.com

James A. Francis
John Soumilas
Lauren KW Brennan
Francis & Mailman, P.C.
Land Title Building
100 S Broad Street Suite 1902
Philadelphia, PA 19110
jsoumilas@consumerlawfirm.com
jfrancis@consumerlawfirm.com
lbrennan@consumerlawfirm.com

TRANSUNION, LLC

/s/_____
Michael R. Ward
Virginia Bar Number 41133
Attorney for TransUnion, LLC
McCandlish Holton Morris
P.O. Box 796
Richmond, VA 23218
Phone: 804-775-3100
Fax: 804-775-3800
mward@lawmh.com

- 14 -

LA 52088319